IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SARAH ELIZABETH MALLEY, § | | |
| ADMINISTRATRIX OF THE ESTATE § | | |
| OF JERRY OLIN WALLER II § | | PLAINTIFF |
| § | | |
| § | | |
| v. § | | Civil No. 1:12CV127-HSO-RHW |
| § | | |
| § | | |
| WAL-MART STORES, INC. § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

THIS MATTER COMES BEFORE THE COURT on a Motion for Summary Judgment [19] and a Motion to Strike [28] filed by Defendant Wal-Mart Stores, Inc. Plaintiff has filed a Response [24] in opposition to the Motion for Summary Judgment, and Defendant a Rebuttal [29]. Plaintiff has not filed any Response to Defendant's Motion to Strike [28]. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Defendant's Motion to Strike [28] and Motion for Summary Judgment [19] should both be granted.

I. PROCEDURAL HISTORY

Plaintiff is the Administratix of the Estate of Jerry Olin Waller, II. Her claims stem from a slip and fall incident which occurred on or about April 29, 2009, at Defendant's store located in Pascagoula, Mississippi. Compl. [1-2], at ¶ 6.

-1-

Plaintiff alleges that Mr. Waller was injured as a result of the fall. *Id.*[1]

Plaintiff filed her Complaint [1-1] in the Circuit Court of Jackson County, Mississippi, on March 28, 2012, naming Wal-Mart Stores, Inc. ["Wal-Mart"], as the sole Defendant. Wal-Mart removed the case to this Court on April 24, 2012, invoking jurisdiction based upon diversity of citizenship. Notice of Removal [1], at pp. 1–2. Plaintiff asserts a negligence claim against Wal-Mart for allegedly breaching its legal duties owed to Mr. Waller as a business invitee. Compl. [1-2], at ¶¶ 6–7. She seeks an amount of damages "in excess of the sum of $75,000.00 as actual and compensatory damages, together with all costs of this action and interest from the date of the said incident herein." *Id.* at ¶ 9.

Wal-Mart has moved for summary judgment on all of Plaintiff's claims. Mot. for Summ. J. [19], at pp. 1–2. In support of her Response [24], Plaintiff relies upon a handwritten statement and diagram prepared by Mr. Waller prior to his death, along with an affidavit from Plaintiff's counsel. Resp. [24], at p. 1 (citing Mr. Waller's Handwritten Statement, attached as Ex. "A" to Resp. [24]; Mr. Waller's Accident Diagram, attached as Ex. "B" to Resp. [24]; and Aff. of David C. Frazier, attached as Ex. "C" to Resp. [24]). Wal-Mart moves to strike these three exhibits. Mot. to Strike [28], at p. 6.

---

[1] The Complaint states that Mr. Waller died on or about November 7, 2010, but his death is "**not related** to the acts and omissions which are the subject matter of the present cause of action, and is therefore, not covered by the Mississippi Wrongful Death Act." Compl. [1-2], at ¶ 2 (emphasis in original).

## II. DISCUSSION

A. <u>Wal-Mart's Motion to Strike</u>

Wal-Mart moves to strike the three exhibits Plaintiff has offered in support of her Response to the Motion for Summary Judgment. *See* Mr. Waller's Handwritten Statement, attached as Ex. "A" to Resp. [24]; Mr. Waller's Accident Diagram, attached as Ex. "B"to Resp. [24]; and Aff. of David C. Frazier, attached as Ex. "C" to Resp. [24]. Plaintiff has filed no Response to this Motion [28]. For this reason, the Court could grant Wal-Mart's Motion [28] as unopposed, pursuant to L.U. CIV. R. 7(b)(3)(E). Even considering Wal-Mart's Motion to Strike [28] on the merits, the Court finds that it should be granted and the referenced documents stricken.

Plaintiff does argue in her Memorandum in Support of her Response [25] to the pending Motion for Summary Judgment that these three exhibits are admissible in evidence pursuant to Federal Rules of Evidence 804 and/or 807. Pl.'s Mem. in Supp. of her Resp. [25], at pp. 4–5. Wal-Mart counters that Mr. Waller's Handwritten Statement and Accident Diagram are inadmissible hearsay to which no exception applies. Mot. to Strike [28], at p. 1. It also maintains that, once these two documents are stricken, counsel's Affidavit, which relates to his request that Mr. Waller draft the documents and deliver them to counsel, is no longer relevant and is therefore inadmissible. *Id.* at p. 2.

Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). The Advisory

Committee Notes regarding this subsection read as follows:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

FED. R. CIV. P. 56 advisory committee's notes.

Rule 56 does not require that evidence presented at the summary judgment stage be in admissible form at that time, but instead provides that it must be capable of submission in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Mr. Waller is now deceased, and Plaintiff has made no indication that the evidence offered in opposition to Wal-Mart's Motion for Summary Judgment could be presented in any different form at trial. The Court must therefore decide whether Mr. Waller's Handwritten Statement and Accident Diagram are admissible under either of the Rules relied upon by Plaintiff. *See* Pl.'s Mem. in Supp. of her Resp. [25], at pp. 4–5.

    1.    <u>Rule 804</u>

Federal Rule of Evidence 804 reads, in relevant part, as follows:

(a)    Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant:
\* \* \*
    (4)    cannot be present or testify at the trial or hearing because of death . . . .

FED. R. EVID. 804(a).

Rule 804(b) lists various exceptions which apply in the event a declarant is found to be "unavailable." FED. R. EVID. 804(b).

The parties do not dispute that Mr. Waller is "unavailable" due to his death. *See* FED. R. EVID. 804(a). Wal-Mart maintains that Mr. Waller's Handwritten Statement and Accident Diagram constitute inadmissible hearsay because neither fits into any exception delineated in FED. R. EVID. 804(b). Mot. to Strike [28], at p. 2 n.2. As the proponent of the proffered hearsay evidence, Plaintiff bears the burden of proving the applicability of an exception. *See, e.g., United States v. Fernandez-Roque*, 703 F.2d 808, 812 (5th Cir. 1983). Plaintiff states only that the declarant, Mr. Waller, is unavailable, but does not explain how any of the exceptions under Rule 804(b) would apply. Pl.'s Mem. in Supp. of her Resp. [25], at p. 5. Nor is the Court persuaded that any of these Rule 804(b) exceptions operate to exclude Mr. Waller's Handwritten Statement or the Accident Diagram from the rule against hearsay.

    2.    <u>Rule 807</u>

Federal Rule of Evidence 807(a) provides that

[u]nder the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
    (1)    the statement has equivalent circumstantial guarantees of trustworthiness;
    (2)    it is offered as evidence of a material fact;
    (3)    it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
    (4)    admitting it will best serve the purposes of these rules and the interests of justice.

FED. R. EVID. 807(a).

Wal-Mart maintains that Mr. Waller's Handwritten Statement and Accident Diagram lack "any indicia of trustworthiness." Mot. to Strike [28], at p. 3. They are not made under oath, are not notarized, and are "not witnessed by anyone who can testify as to the circumstances under which it was written or whether, when it was written and signed, Mr. Waller appeared to be oriented and in his right, unimpaired state of mind." *Id.* Wal-Mart contends that "the story he tells in his statement bears no resemblance to the histories he has given others elsewhere." *Id.* It maintains that "the record indicates that Waller and his statement are not trustworthy," *id.* at p. 5, and that there is no proof that the writings are more probative on the point for which they are offered than any other evidence Plaintiff could have obtained through reasonable efforts, *id.*

Plaintiff argues that the Handwritten Statement and Accident Diagram do contain "equivalent circumstantial guarantees of trustworthiness" because Mr. Waller hand-delivered them to Plaintiff's counsel of record. Pl.'s Mem. in Supp. of her Resp. [25], at pp. 4–5. According to Plaintiff, the Handwritten Statement "creates evidence of a material fact and is highly probative of Waller's testimony and recollection since he is now unavailable due to his untimely death." *Id.* at p. 5.

The residual exception contained in Federal Rule of Evidence 807 "is to be used only rarely, in truly exceptional cases." *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011) (quotation omitted). The proponent of the hearsay statements "bears a heavy burden to come forward with indicia of both

trustworthiness and probative force." *Id.* (quotation omitted). "In order to find a statement trustworthy, a court must find that the declarant of the statement was particularly likely to be telling the truth when the statement was made." *Id.* (quotations omitted). Additionally, "a witness's death is not enough to justify discarding the trustworthiness requirement of the residual hearsay exception." *Stolarczyk v. Senator Intern. Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 842 (N.D. Ill. 2005) (citing *N.L.R.B. v. United Sanitation Service, Div. of Sanitas Service Corp.*, 737 F.2d 936, 940–41 (11th Cir. 1984)). "Given this high hurdle, in the decision as to whether to apply the residual exception district courts are given considerable discretion." *United States v. Phillips*, 219 F.3d 404, 419 n.23 (5th Cir. 2000) (quotations omitted).

The "'equivalent circumstantial guarantees of trustworthiness' requirement . . . is the 'lodestar of the residual hearsay exception analysis.'" *El-Mezain*, 664 F.3d at 498 (quoting *United States v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005)). The Fifth Circuit has explained that "[t]he determination of trustworthiness is 'drawn from the totality of the circumstances surrounding the making of the statement, but [it] cannot stem from other corroborating evidence.'" *Id.* (quoting *United States v. Ismoila*, 100 F.3d 380, 393 (5th Cir. 1996)). "Evidence possessing 'particularized guarantees of trustworthiness' must be at least as reliable as evidence admitted under a firmly rooted hearsay exception and must similarly be so trustworthy that adversarial testing would add little to its reliability." *Id.* (quotation omitted).

The Eighth Circuit Court of Appeals has explained that "the trustworthiness

and reliability of an out-of-court statement is assessed in light of the circumstances at the time of the declaration and the credibility of *the declarant*." *United States v. Halk*, 634 F.3d 482, 489 (8th Cir. 2011) (emphasis in original) (quotations omitted). In that case, the declarant chose to exercise his Fifth Amendment privilege not to testify after making certain statements which would have been potentially exculpatory for the defendant. *Id.* at 486. In applying a "broad totality of the circumstances test," it was important that the statements at issue were directly contradictory to a letter sent by the declarant to the district court, and were made over a year after the defendant's arrest and in interviews conducted in anticipation of litigation. *Id.* at 489. The Eighth Circuit agreed with the district court that the out-of-court statements did not carry "guarantees of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions" to hearsay, such that the statements were not admissible under Rule 807. *Id.* (quotation omitted); *see also Bedingfield ex rel. Bedingfield v. Deen*, 487 F. App'x 219, 228 (5th Cir. 2012) (holding that plaintiffs' unsubstantiated assertions regarding decedent's verbal statements are insufficient to provide indicia of reliability and trustworthiness necessary to invoke Rule 807).

In this case, Mr. Waller's Handwritten Statement and Accident Diagram were prepared on or about June 10, 2009, at the request of his attorney of record, whom he had retained on May 10, 2009. Aff. of David C. Frazier, attached as Ex. "C" to Resp. [24], at p. 1. The record indicates that Mr. Waller prepared both documents in anticipation of litigation in which he had a pecuniary interest.

Mr. Waller's Handwritten Statement and Accident Diagram also differ from previous recorded accounts of his slip and fall at Wal-Mart. Both indicate that there was an oily, slippery substance on the floor all the way down the "toilet paper, paper towel isle [sic]," and that this substance covered the entire aisle from side to side and from end to end. Mr. Waller's Handwritten Statement, at pp. 1–4, attached as Ex. "A" to Resp. [24]; Mr. Waller's Accident Diagram, at p. 1, attached as Ex. "B" to Resp. [24]. This substance allegedly caused him and his buggy to slip, and after his "buggy slammed against the shelves . . . the gallon pickle jar [he] had sitting in the seat part of [his] buggy was thrown out of the buggy . . . ." Mr. Waller's Handwritten Statement, at p. 1, attached as Ex. "A" to Resp. [24]. "[T]he pickle jar shattered right under [him] and [he] landed right on it face down . . . ." *Id.*

Wal-Mart's Customer Service Manager at the store has averred that Mr. Waller explained to her that he "slipped in slippery substance on floor and fell on broken pickle jar on floor." Aff. of Lia Beech, at p. 2, attached as Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20].[2] It is unclear from this statement whether the slippery substance was present prior to Mr. Waller's fall or whether it was caused by the broken pickle jar. The Complaint [1-2], which was drafted by Mr. Waller's counsel, states that Mr. Waller "slipped and fell in 'pickle juice' from a large broken jar of pickles that had fallen off a grocery shelf and was left broken on the grocery

---

[2]Ms. Beech testified that Mr. Waller was uncooperative after the accident, and that based upon his explanation of the accident, she subsequently wrote this same accident account in a customer statement, which Mr. Waller then signed. Aff. of Lia Beech, at p. 2, attached as Ex. "A" to Mot. for Summ. J. However, the Court has not been provided with a copy of Mr. Waller's signed customer statement.

store aisle floor . . . ." Compl. [1-2], at ¶ 6. There is no mention of an oily substance on the floor. Nor do any of Mr. Waller's medical records reflect the existence of an oily substance in the account he related to his medical providers. *See, e.g.,* Acadian Ambulance Service Medical Record, at p. 3, attached as Ex. "A" to Mot. to Strike [28] ("PT fell on busted jar with a piece of glass going into his ankle right at the level of the joint cutting an cadver [sic] tendon that had been implanted to help in reconstructive surgery the PT had to his ankle"); Singing River Hospital Medical Record, at p. 2, attached as Ex. "B" to Mot. to Strike [28] ("40-year-old gentleman who apparently was at Wal-Mart and dropped a glass jar on his ankle and cut his ankle.").

Based upon the record and the totality of the circumstances presented here, and in light of the heavy burden faced by a party seeking to invoke Rule 807, the Court cannot conclude that sufficient indicia of reliability and/or circumstantial guarantees of trustworthiness are present to the degree necessary to invoke Rule 807. The Court will therefore sustain Wal-Mart's hearsay objections to Mr. Waller's Handwritten Statement and Accident Diagram, and will grant Wal-Mart's Motion to Strike these documents.

Because the Handwritten Statement and Accident Diagram will be excluded, counsel's Affidavit explaining their origin is irrelevant to any fact that is of consequence in determining this action. FED. R. EVID. 401; *see* Aff. of David C. Frazier, attached as Ex. "C" to Resp. [24]. The Affidavit is therefore inadmissible, FED. R. EVID. 402, and Wal-Mart's objection to it will be sustained. In sum, the

Motion to Strike will be granted in its entirety.

B.   Motion for Summary Judgment

   1.   Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

   2. Plaintiff's Negligence Claim

Wal-Mart maintains that "there is no genuine issue of material fact as to Plaintiff's allegations against it and that it is entitled to judgment as a matter of law as to each and every count of Plaintiff's complaint, separately and severally." Wal-Mart's Mem. in Supp. of its Mot. for Summ. J. [20], at p. 1. Wal-Mart maintains that there is no admissible evidence as to Mr. Waller's purpose on its premises on the day in question and argues that "[i]t would be speculative to infer a status simply

because Waller was in the store and dropped merchandise at the time of his incident." *Id.* at p. 7. Wal-Mart asserts that there is insufficient admissible evidence to determine Mr. Waller's status and hence the duty owed to him, such that it should prevail on its Motion for Summary Judgment. *Id.* Alternatively, Wal-Mart contends that regardless of Mr. Waller's status it is entitled to summary judgment because there is no evidence that it breached any duty owed to him. *Id.* at pp. 7–8.

Plaintiff responds that Mr. Waller was a business invitee at the Wal-Mart store at the time of his accident, " Pl.'s Mem. Brief in Supp. of Her Resp. [25], at p. 1, and that Wal-Mart "acting by and through its employees, created the unreasonably dangerous condition, and therefore had actual or constructive knowledge of the unsafe or dangerous condition," *id.* at p. 3. Plaintiff relies entirely on Mr. Waller's Handwritten Statement and Accident Diagram, which the Court has already stricken, in order to attempt to create a question of fact on these two issues. *Id.* at pp. 3–5.

To prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages. *Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012). "Duty and breach are essential elements of a negligence claim which must be shown by a preponderance of the evidence before any other elements." *Id.* at 1262–63 (citation omitted). Plaintiff's claim against Wal-Mart is grounded in Mississippi premises liability law. The Court applies Mississippi's three step analysis to premises liability claims:

> first, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured's status, the court

must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party.

*Thomas v. Columbia Group, LLC*, 969 So. 2d 849, 852 (Miss. 2007) (citation omitted).

An injured party's "status can be a jury question, except it becomes a question of law where the facts are not in dispute." *Frazier v. McDonald's Restaurants of Miss., Inc.*, 102 So. 3d 341, 343 (Miss. Ct. App. 2012) (citing *Magnusen v. Pine Belt Inv. Corp.*, 963 So. 2d 1279, 1282 (Miss. Ct. App. 2007)). Because summary judgment is nevertheless appropriate, the Court need not resolve the question of Mr. Waller's status at the time of injury.

"The duty of a business owner to an invitee is well-settled under Mississippi law and requires that the owner keep his premises in a reasonably safe condition." *Karpinsky v. American Nat. Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) (citation omitted). If a dangerous condition exists which was created by someone not associated with the business, "the *plaintiff must produce evidence* that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it." *Id.* (emphasis in original) (quotation omitted). "When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown." *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988).

"A landowner owes a licensee and a trespasser the duty to refrain from willfully or wantonly injuring them." *Kendrick v. Quin*, 49 So. 3d 645, 649 (Miss. Ct. App. 2010) (citing *Adams ex rel. Adams v. Fred's Dollar Store of Batesville*, 497 So.

2d 1097, 1100 (Miss. 1986)). "Willful and wanton conduct exceeds 'mere inadvertence or lack of attention' characteristic of ordinary negligence, and means that the possessor consciously disregards a known, serious danger." *Skelton By & Through Roden v. Twin County Rural Elec. Ass'n*, 611 So. 2d 931, 937 (Miss. 1992).

In this case, Wal-Mart has presented evidence that Mr. Waller told its employees that he was injured by a broken pickle jar. Aff. of Lea Beech, at p. 2, attached as Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Jennifer Reaves, at p. 1, attached as Ex. "C" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Stacey Kieper, at p. 1, attached as Ex. "D" to Mot. for Summ. J. [20]. It has submitted evidence that the only substance on the aisle floor immediately after Mr. Waller's fall was the broken pickle jar and its contents. Aff. of Lea Beech, at p. 2, attached as Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Belita Ellis, at p. 2, attached as Ex. "B" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Jennifer Reaves, at pp. 1–2, attached as Ex. "C" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Stacey Kieper, at p. 2, attached as Ex. "D" to Mot. for Summ. J. [20].

According to Wal-Mart's employees, no reports were made of any substance of any kind on the floor of that aisle prior to Mr. Waller's fall, Aff. of Lea Beech, at p. 2, attached as Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Belita Ellis, at p. 2, attached as Ex. "B" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Stacey Kieper, at p. 2, attached as Ex. "D" to Mem. in Supp. of Mot. for Summ. J. [20], and its employees were unaware of the presence of any other substance on the floor of the aisle prior to or immediately after the incident, Aff. of Lea Beech, at p. 2, attached as

Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Belita Ellis, at p. 2, attached as Ex. "B" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Jennifer Reaves, at pp. 1–2, attached as Ex. "C" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Stacey Kieper, at p. 2, attached as Ex. "D" to Mem. in Supp. of Mot. for Summ. J. [20]. Wal-Mart has further supplied evidence of store policies relating to safety which were in effect on the day in question. Aff. of Belita Ellis, at pp. 2–3, attached as Ex. "A" to Mem. in Supp. of Mot. for Summ. J. [20]; Aff. of Bob Bennett, at pp. 1–2, attached as Ex. "E" to Mem. in Supp. of Mot. for Summ. J. [20]. Since the Court will grant Wal-Mart's Motion to Strike, Plaintiff has presented no countervailing evidence.

Wal-Mart has presented uncontradicted evidence that no foreign substance was present on the floor prior to Mr. Waller dropping the pickle jar. Even assuming Mr. Waller were an invitee, Wal-Mart has shown that it did not have actual or constructive knowledge of the dangerous condition or a sufficient opportunity to correct it. *See Karpinsky*, 109 So. 3d at 89. No competent summary judgment evidence been adduced that any such dangerous condition was caused by Wal-Mart's own negligence. Accordingly, Wal-Mart has established that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Plaintiff has not presented any competent material capable of being presented in a form that would be admissible in evidence to rebut Wal-Mart's properly supported Motion for Summary Judgment. *See Hamilton*, 232 F.3d at 477. Viewing

all facts and inferences in the light most favorable to Plaintiff as the nonmoving party, Wal-Mart is entitled to judgment as a matter of law on Plaintiff's negligence claim.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that summary judgment in Wal-Mart's favor is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion to Strike [28] filed by Defendant Wal-Mart Stores, Inc., is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Summary Judgment [19] filed by Defendant Wal-Mart Stores, Inc., is **GRANTED**, and Plaintiff's claims against Defendant Wal-Mart Stores, Inc., are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE